808

John DILLARD, et al., Plaintiffs,

v.

BALDWIN COUNTY
COMMISSION, Defendant.

Civ. A. No. 87–T–1159–N.

United States District Court,
M.D. Alabama, N.D.

June 23, 1988.

James U. Blacksher, Edward Still, Reeves & Still, Birmingham, Ala., Julius L. Chambers, Scherlyn Ifill, NAACP Legal Defense Fund, New York City, Allan R. Chason, Chason & Chason, Bay Minette, Ala., for plaintiffs.

Don Siegelman, Alabama Atty. Gen., Susan Russ, Asst. Atty. Gen., David Boyd, Balch & Bingham, Montgomery, Ala., Taylor D. Wilkins, Jr., Claude E. Bankester, Wilkins, Bankester & Biles, P.A., Bay Minette, Ala., for defendant.

ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit, premised on § 2 et seq., of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973 et seq., is again before the court, this time on the plaintiffs' motion to alter or amend, etc., filed June 20, 1988. For reasons that follow, the motion should be granted.

In a memorandum opinion and judgment entered in this case on June 6, 1988, this court required that the Baldwin County Commission implement a new, seven single-member districting plan this year. *See Dillard v. Baldwin County Commission*, 694 F.Supp. 836 (M.D.Ala.1988). The new plan is identical to one this court previously ordered implemented for the Baldwin County Board of Education. *See Dillard v. Baldwin County Board of Education*, 686 F.Supp. 1459 (M.D.Ala.1988). However, subsequent to the judgment in the school board case, the parties there agreed to several minor modifications of the court-ordered plan. The plaintiffs here have now asked that the court order the same minor modifications for the redistricting plan for the county commission. Counsel for the commission has orally informed the court that the commission does not desire to submit any written opposition to the plaintiffs' request.

The court agrees with plaintiffs that the seven single-member redistricting plans for the county commission and the school board should be identical, if possible. Variations would be confusing for candidates as well as voters. Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the plaintiffs' motion to alter or amend, etc., filed June 20, 1988, be and it is hereby granted;

(2) That defendant Baldwin County Commission be and it is hereby ENJOINED and RESTRAINED from failing to conduct its 1988 elections and future elections accord-

ing to the *modified* seven single-member districting plan submitted in the companion case of *Dillard v. Baldwin County Board of Education,* 686 F.Supp. 1459 (M.D.Ala. 1988).