John DILLARD, et al., Plaintiffs,

Dale Eugene Brown, et al.,
Plaintiff–Intervenors,

v.

BALDWIN COUNTY COMMISSION,
et al., Defendants.

No. CIV.A. 87–T–1159–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 22, 2003.

James U. Blacksher, Birmingham, AL, Lanie Guinier, Philadelphia, PA, Pamela Karlan, Nathan Abbott Way @ Alvarado Row, Stanford, CA, Julius L. Chambers, Janai S. Nelson, NAACP Legal Defense Fund, New York, NY, Larry T. Menefee,

Montgomery, AL, Edward Still, Birmingham, AL, Albert L. Jordan, Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, AL, Algert S. Agricola, Jr., Slaten & O'Connor, PC, Montgomery, AL, Elaine R. Jones, Norman J. Chachkin, Jacqueline A. Berrien, NAACP Legal Defense Fund, New York, NY, for plaintiffs/intervenors–plaintiffs/cross–claimants/cross–defendants.

Allan R. Chason, Taylor D. Wilkins, Jr., Claude E. Bankester, Wilkins, Bankester, Biles & Wynne, Bay Minette, AL, David R. Boyd, Dorman Walker, Balch & Bingham, William H. Pryor, Jr., Attorney General, Office of the Attorney General, Montgomery, AL, Patrick H. Sims, Cabaniss Johnston Gardner Dumas & O'Neal, Mobile, AL, Stanley E. Graham, Waller, Lansden, Dortch & Davis, Nashville, TN, James H. Evans, Montgomery, AL, Mortimer Parker Ames, III, Chicago, IL, Robert A. Wills, Wills & Simon, Bay Minette, AL, for defendant.

John J. Park, Jr., Office of the Attorney General, Montgomery, AL, for intervenor–defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

It is ORDERED that the motion to alter or amend, filed by plaintiffs on September 11, 2002 (Doc. No. 224), is denied with the following comments.

■ In a "results" challenge brought under § 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973, "The effect of [a] ... voting rule ... can be evaluated by comparing the system with that rule to a system without that rule." *Holder v. Hall,* 512 U.S. 874, 880–881, 114 S.Ct. 2581, 2586, 129 L.Ed.2d 687 (1994). Thus, whether the numbered-place requirement and the majority-vote requirement violate § 2 must be determined by comparing a four-member at-large Baldwin County Commission with these requirements with one without them. This court cannot say that, from this perspective, there is a § 2 "results" violation. The political weakness of the African–American community in Baldwin County results from its being less than 10% of the voting age population and the fact that it does not live in a geographically compact community.

■ Moreover, cumulative voting and limited voting are not acceptable "results" remedies because there is "no objective and workable standard for choosing [them as] a reasonable bench mark," *id.,* over the "many forms of government," 512 U.S. at 890, 114 S.Ct. at 2590 (O'Connor, J., concurring in part and concurring in the judgment). *Cf.* 512 U.S. at 884, 114 S.Ct. at 2588 ("we doubt Congress contemplated that a racial group could bring a § 2 dilution challenge to an appointed office (in an attempt to force a chance to an elective office) by arguing that the appointive office diluted the voting strength in comparison to the proposed elective office").

For these reasons, and others that do not warrant being set down, the court believes that the opinion and judgment entered on September 3, 2002, *Dillard v. Baldwin County Commission,* 222 F.Supp.2d 1283 (M.D.Ala.2002), should not be altered or amended.