John DILLARD, et al., Plaintiffs,

Dale Eugene Brown, et al., Plaintiff–Intervenors,

Billy R. Smith, et al., Plaintiff–Intervenors,

v.

BALDWIN COUNTY COMMISSION, et al., Defendants,

Adrian Johns, etc., Defendant.

No. CIV.A. 87–T–1159–N.

United States District Court, M.D. Alabama, Northern Division.

Oct. 27, 2003.

James U. Blacksher, Birmingham, AL, Lanie Guinier, Law School of University of Pennsylvania, Philadelphia, PA, Pamela Karlan, Stanford Law School, Stanford, CA, Julius L. Chambers, Janai S. Nelson, NAACP Legal Defense Fund, New York City, Larry T. Menefee, Montgomery, AL, Edward Still, Birmingham, AL, Albert L. Jordan, Wallace, Jordon, Ratliff & Brandt, L.L.C., Birmingham, AL, Algert S. Agricola, Jr., Slaten & O'Connor, PC, Montgomery, AL, Norman J. Chachkin, NAACP Legal Defense Fund, New York City, for Plaintiffs.

Taylor D. Wilkins, Jr., Claude E. Bankester, Wilkins, Bankester, Biles & Wynne, Bay Minette, AL, William H. Pryor, Jr., Attorney General, Office of the Attorney General, Alabama State House, Montgomery, AL, Patrick H. Sims, Cabaniss Johnston Gardner Dumas & O'Neal, Mobile, AL, Stanley E. Graham, Waller, Lansden, Dortch & Davis, Nashville, TN, Robert A. Wills, Wills & Simon, J. Scott Barnett, Baldwin County Commission, Bay Minette, AL, John J. Park, Jr., Office of the Attorney General, Montgomery, AL, James U. Blacksher, Birmingham, AL, Lanie Guinier, Philadelphia, PA, Pamela Karlan, Stanford, CA, Julius L. Chambers, NAAP Legal Defense Fund, New York City, Larry T. Menefee, Montgomery, AL, Edward Still, Birmingham, AL, Jacqueline A. Ber-

rien, NAACP, New York City, for Defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

This 15–year–old lawsuit is again before the court, this time on the issue of whether and, if so, when the court should call for an election of the members of the Baldwin County Commission in the wake of this court's recent orders vacating the 1988 injunction which had increased the commission's size from four to seven and created single-member districts. For the reasons given below, the court agrees to the suggestion of the commission and the county probate judge that the court order that the election track the county and the State of Alabama's regular election cycle now set to end in November 2004.

### I.

African–American citizens brought this class-action lawsuit charging that the at-large voting system used by the Baldwin County Commission violated § 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973, and the fourteenth and fifteenth amendments to the United States Constitution, as enforced through 42 U.S.C.A. § 1983.[1] In 1988, the court found a § 2 "results" and "intent" violation and entered an injunction ordering that the Baldwin County Commission's size be increased from four to seven members and that those members be elected from single-member districts. *Dillard v. Baldwin County Comm'n,* 694 F.Supp. 836, 845 (M.D.Ala.1988), *amended by* 701 F.Supp.

808 (M.D.Ala.1988), *aff'd,* 862 F.2d 878 (11th Cir.1988) (table).

In 1996, Dale Brown and others intervened in the case as plaintiffs, but, unlike the original plaintiffs, they sought to have the court's 1988 remedial injunction vacated in light of the Supreme Court's decision in *Holder v. Hall,* 512 U.S. 874, 114 S.Ct. 2581, 129 L.Ed.2d 687 (1994).

In 2002 and 2003, in response to the Brown intervenors' complaint, the court entered orders vacating the 1988 injunction. *Dillard v. Baldwin County Comm'n,* 222 F.Supp.2d 1283 (M.D.Ala.2002); *Dillard v. Baldwin County Comm'n,* 282 F.Supp.2d 1302 (M.D.Ala.2003). The court required the defendants to submit a plan providing, as soon as is feasible, for the election of county commissioners under an election scheme that is completely free of the 1988 injunction. 222 F.Supp.2d at 1291. The court retained jurisdiction for the limited purpose of supervising the undoing of the 1988 injunction. *Id.*

The county commission and its probate judge want the court to enter an order requiring that the election for the new four-member board of county commissioners track the regular election cycle now set to end in November 2004.[2] The Brown intervenors have filed a motion requesting that the court either schedule a special election for March 2004 or, if the court declines, terminate its jurisdiction immediately.

### II.

■ Equitable considerations weigh against an early election in March 2004.

---

1. This lawsuit was initiated by plaintiff John Dillard and others, and, later, Billy R. Smith and others intervened and joined them as plaintiffs. Because their interests are identical, the court refers to both plaintiff groups as the plaintiffs.

2. Probate Judge Adrian Johns has represented to this court that there is every indication that the Governor of Alabama will set a special election that coincides with the established election cycle for 2004. *See* Brief of Probate Judge Johns regarding this court's role in scheduling an election, filed October 10, 2003 (Doc. no. 276).

First, the defendants have represented that the cost of a March 2004 election would be approximately $ 225,000. While cost alone should not be a dispositive factor when fashioning a remedy for voting rights violations, the court finds that the regular-election schedule is sufficiently near enough in time that the new election for the four-member commission scheduled to coincide with it will adequately address all parties' needs. *Toney v. White*, 488 F.2d 310, 315–16 (5th Cir.1973) (noting the expense of holding separate elections and declining to order one when only five months remained before the regular primary election was scheduled).[3]

The court is aware that, in 1988, it set new deadlines for the election of the seven member-commission.[4] This was done for two reasons. First, the purpose of altering the 1988 schedule was to enable the commission election to coincide with the Baldwin County School Board election; scheduling special elections to coincide with regularly scheduled elections is simply more efficient. Second, because the 1988 injunction was entered on June 6, 1988, the plaintiffs would have had to wait over two years for any relief absent an expedited schedule.[5] Unlike in 1988, Baldwin County is currently almost halfway through its election schedule, and therefore the delay at issue will be a matter of months, not years.

■ Last, this court has a duty to oversee the dissolution of its own injunction, and to "supervise the development of the appropriate districting plan." *Dillard v. Baldwin County Commissioners*, 225 F.3d 1271, 1282 (11th Cir.2000). Therefore, the Brown intervenors' alternative request that this court immediately terminate its jurisdiction will be denied. In addition, the court is troubled by the fact that the intervenors have been unable to explain exactly how, or if, Alabama law provides a procedure for filling the vacancies which the Brown intervenors maintain will immediately occur in all of the commissioner seats if the court were to terminate its jurisdiction at this time, that is, before an election. In light of the court's responsibility to ensure that any election resulting from its 2002 and 2003 orders be held in an orderly manner, and considering the proximity of the upcoming regular election cycle, the court finds that simply terminating jurisdiction would be an imprudent solution.

For the reasons stated above, it is ORDERED as follows:

(1) Brown intervenors' motion for special election schedule, etc., filed October 19, 2003 (Doc. no. 274), is denied.

(2) The Commission defendants' election proposal, filed September 16, 2002 (Doc. no. 229), is approved.

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**4.** *See* order, entered June 6, 1988 (Doc. no. 32).

**5.** It should also be noted that, in 1988, the Baldwin County Commissioners did not object to creating separate deadlines for the special election. *See* Response of Baldwin County Commission to plaintiffs' motion for supervision of court ordered election, filed may 6, 1988, (Doc. no. 25), stating, "The Baldwin County Commission urges the Court to deny the plaintiffs' motion ... except to the extent that it may be necessary to adjust certain election-related deadlines in order to allow the elections to go forward in an orderly fashion."